WILLIAM LEITSCH, Corporation Counsel, Columbia County
You have requested my opinion whether the Fair Credit Reporting Act, P.L. 91-508, 15 U.S.C.A. 1681, prohibits a county sheriff's department from releasing motor vehicle accident report information *Page 365 
for use by credit companies, armed forces recruiters or insurance companies.
Under sec. 346.70 (4), Stats., law enforcement agencies investigating traffic accidents prepare uniform traffic accident reports and forward copies to the Division of Motor Vehicles. The purpose of such reports is for use in the prosecution of traffic law violations, in negligence litigation among the parties to the accident, and for statistical uses. Section 346.70 (4) (f), Stats., provides that any person may examine and copy such reports in the hands of local authorities. Such reports might be used by members of the public for the purpose of establishing a consumer's eligibility for credit, insurance or employment. However, these are not the purposes for which these reports are prepared.
The question whether the Fair Credit Reporting Act applies to such reports in the hands of the sheriff's department turns on whether such department is a consumer reporting agency and whether the accident report is a consumer report. Section 603 (f) of the act defines consumer reporting agency as follows:
 "The term `consumer reporting agency' means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports."
Section 603 (d) of the act defines consumer report as follows:
 "The term `consumer report' means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for (1) credit or insurance to be used primarily for personal, family, or household purposes, or (2) employment *Page 366 
purposes, or (3) other purposes authorized under section 604. . . ."
A county sheriff's department prepares accident reports for law enforcement and statistical purposes only. It does not, for monetary fees, regularly engage in the practice of assembling consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties. Thus, it is not a consumer reporting agency. Since a consumer report is defined as a communication of information by a consumer reporting agency, the accident reports are not consumer reports. Clearly they are not prepared for use, or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing a consumer's eligibility for credit, insurance or employment.
It is, therefore, my opinion that the Fair Credit Reporting Act does not apply to accident reports prepared by a county sheriff's department. The Attorney General of Arkansas has reached the same conclusion. In his opinion number 74-58, dated April 24, 1974, he pointed out that the state police are not in the business of collecting consumer credit information for the purpose of furnishing consumer reports to third parties, even if traffic and accident reports compiled by them may be used by others for this purpose. Similarly, the Attorney General of Texas, in his opinion number H-263, dated March 19, 1974, has concluded that the Texas Department of Public Safety is not a consumer reporting agency within the meaning of the Fair Credit Reporting Act.
The Federal Trade Commission has taken a different view as to driver record reports furnished by a state motor vehicle department. It says that when a state motor vehicle department furnishes a driver record report bearing on the personal characteristics of the consumer, the report is a consumer report and the department is a consumer reporting agency. The reason given for this conclusion is that when such reports are used as a factor in establishing a consumer's eligibility for insurance, the Fair Credit Reporting Act should apply. It concludes, however, that this is not intended to interfere with legitimate law enforcement activities of state motor vehicle departments. 16 C.F.R. sec. 600.4. It is the view of the commission's staff that the act does apply to the furnishing of information for consumer reporting purposes, such as determining eligibility for *Page 367 
credit, insurance, or employment. It would no doubt apply the same reasoning to accident reports as it does to driver record reports.
RWW:AOH